UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA A. WILSON<br>11 Linda Lane<br>Selinsgrove, PA 17870<br>　　　　　　　Plaintiff(s)<br>　　v.<br><br>ELECTROLUX HOME PRODUCTS,<br>INC.<br>10200 David Taylor Drive<br>Charlotte, NC 28262　　Defendant(s) | Civil Action No: |

## COMPLAINT

Plaintiff, Rebecca A. Wilson, by and through her undersigned counsel, hereby demands judgment against Defendant, and complains against it as follows:

## PARTIES

1. Plaintiff, Rebecca A. Wilson, is an adult individual and, at all times relevant hereto, owned and resided at the home located at 11 Linda Lane, Selinsgrove, PA, 17870 (hereinafter the "subject property").

2. At all times relevant hereto, Defendant, Electrolux Home Products, Inc., (hereinafter "Electrolux"), was, upon information and belief, a Delaware registered corporation with its primary place of business at the above-captioned address, and was regularly conducting business within the Commonwealth of Pennsylvania.

3. Defendant, Electrolux, at all times relevant hereto, was in the business of, *inter alia*, selling and marketing dehumidifiers, including the dehumidifier (hereinafter the "product") at issue in this case, in this district.

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

6. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

7. Plaintiff purchased the product for her personal use and, at all relevant times, it was used as intended.

8. On or about June 22, 2014, a fire erupted in the product at the subject property causing extensive damage to the Plaintiff's real and personal property, as well as the imposition of additional expenses and hardship besides, which was directly and proximately caused by the Defendant and is further and more fully described below.

## COUNT I – NEGLIGENCE
## PLAINTIFF vs. ELECTROLUX

9. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

10. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Electrolux, by and through its employees, agents, technicians, vendors, subcontractors and/or servants, more specifically described as follows:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product;

        ii.    failing to properly inspect and/or test the product and/or its component parts;

        iii.    failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

        iv.    failing to provide safe and adequate warnings or instructions with the product; and /or

        v.    manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

    b.    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    c.    failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e.    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

    f.    failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

11.    As a direct and proximate result of the negligence and carelessness of Electrolux, Plaintiff sustained and incurred damage to her real and personal property, as

well as the imposition of additional expenses and hardships, in an amount in excess of $500,000.00.

**WHEREFORE**, Plaintiff, Rebecca A. Wilson, respectfully requests judgment against Defendant, Electrolux Home Products, Inc., in an amount in excess of $500,000.00 and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABILITY
## PLAINTIFF vs. ELECTROLUX

12. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

13. Electrolux, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, and specifically did so with the product at issue in this case.

14. Electrolux distributed and/or sold the subject product in a defective condition, unreasonably dangerous to consumers, as it caught fire when being used as intended and, after investigation, it was found that there were no reasonable secondary causes.

15. Electrolux also sold a product that presented an unknowable and unavoidable danger of fire that was unacceptable to plaintiff and to the average consumer.

16. Electrolux knew or should have known that the subject product would, and did, reach the subject property without substantial change from the condition in which originally distributed and sold.

17. The aforementioned defects consisted of:

    (a) design defects;

    (b) manufacturing defects;

    (c) component defects;

    (d) a failure to warn of the design, manufacturing, and/or component defects, and/or to properly provide adequate warning and/or safe use instructions.

18. As a direct and proximate result of such defects, Plaintiff sustained and incurred damage to her real and personal property, as well as the imposition of additional expenses and hardship, in an amount in excess of $500,000.00.

19. For these reasons, Electrolux is strictly liable to plaintiff for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiff, Rebecca A. Wilson respectfully requests judgment against Defendant, Electrolux Home Products, Inc., in an amount in excess of $500,000.00, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III-BREACH OF EXPRESS AND IMPLIED WARRANTIES**
**PLAINTIFF vs. ELECTROLUX**

20. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

21. At the time of the sale and/or distribution of the subject product, Electrolux had reason to know the particular purpose to which the subject product would be used (i.e. residential application) and they were being relied upon to furnish a suitable

product. Thus, Electrolux breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

22. In addition, Electrolux breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

23. In addition, Electrolux breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (The manual with warranties was destroyed in the fire, but Electrolux has better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

24. Plaintiff's damages as set forth above occurred as a direct and proximate result of the breach by Electrolux of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

25. Plaintiff has met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiff, Rebecca A. Wilson, respectfully requests judgment against Defendant, Electrolux Home Products, Inc., in an amount in excess of $500,000.00, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

de LUCA LEVINE LLC

BY: _/s/ Richard J. Boyd_
RICHARD J. BOYD, ESQUIRE
PA Identification No. 84035
Three Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
215-383-0082 (Fax)
rboyd@delucalevine.com
Attorneys for Plaintiff

Dated: 3/18/15